IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ROME DIVISION

| | |
|---|---|
| LAURA HUDGINS, *individually and on behalf of all others similarly situated*,<br><br>　　　　　　　　*Plaintiff*,<br>　v.<br><br>HARBIN CLINIC, LLC,<br><br>　　　　　　　　*Defendant*,<br>　v.<br><br>NATIONWIDE RECOVERY SERVICE, INC.<br><br>　　　　　*Third-Party Defendant*. | Civil Action No. _____ |

## NOTICE OF REMOVAL

Defendant Harbin Clinic, LLC ("**Harbin Clinic**"), by and through counsel and pursuant to 28 U.S.C. § 1453, hereby removes Case No. 25CV00856 from the Superior Court of Floyd County, Georgia to the United States District Court for the Northern District of Georgia, Rome Division. The grounds for removal are as follows:

1.　Plaintiff Laura Hudgins filed this putative class action against Harbin Clinic on May 20, 2025, in the Superior Court of Floyd County, Georgia in a civil action titled "*Laura Hudgins, individually and on behalf of all others similarly situated v. Harbin Clinic, LLC*," Case No. 25CV00856. In the Complaint, Plaintiff alleges claims arising from a data breach that

occurred when there was unauthorized access to the network of Nationwide Recovery Service, Inc., a vendor of Harbin Clinic.  Harbin Clinic has attached as **Exhibits A, B, and C**[1] to this Notice all process, pleadings, and orders as required by 28 U.S.C. § 1446(a).

2. On May 27, 2025, Harbin Clinic was served with a copy of Plaintiff's Complaint.  *See* Exs. A, B.  In accordance with 28 U.S.C. § 1446(b), this Notice of Removal is being filed within thirty (30) days of such service.

3. This action is now pending in the Superior Court of Floyd County, Georgia, Case No. 25CV00856, and the time within which Harbin Clinic is required to answer or otherwise plead has not expired.

4. On June 20, 2025, Harbin Clinic filed a third-party complaint against Third-Party Defendant Nationwide Recovery Service, Inc. and later effected service.  *See* Ex. C.  Nationwide Recovery Service, Inc. is a citizen of Tennessee.  Ex. C ¶ 2.

5. Removal pursuant to the Class Action Fairness Act ("**CAFA**") is permissible if the class has more than 100 members, the amount in controversy exceeds $5 million in the aggregate, and the parties are

---

[1] **Exhibit A** is the Complaint filed by Plaintiff in this Action.  **Exhibit B** includes the additional process papers served by Plaintiff in this Action. **Exhibit C** is the third-party complaint filed by Harbin Clinic against Third-Party Defendant Nationwide Recovery Service, Inc., along with the related summons and proof of service.

minimally diverse. 28 U.S.C. §§ 1332(d)(2)(A), (5), & (6). All requirements for removal are met here.

6. First, Plaintiff alleges a "nationwide class" of "[a]ll individuals in the United States whose PII was compromised in the Data Breach." Ex. A ¶¶ 119, 120. Indeed, two related putative class-action lawsuits against Harbin Clinic are currently pending before this Court, allegedly arising from the same data breach.[2] The plaintiffs in those lawsuits allege that "at least one member of the class is a citizen of a state different from each Defendant." *See Nash* Compl., ECF No. 1, ¶ 5 (attached as **Exhibit D**); *Staples* Compl., ECF No. 1, ¶ 4 (attached as **Exhibit E**).

7. Second, the amount in controversy in this lawsuit exceeds $5 million, exclusive of interest and costs, as required by CAFA. *See* 28 U.S.C. § 1332(d)(6). "When the jurisdictional amount in controversy is not facially apparent from the complaint, the court may consider facts alleged in the notice of removal, judicial admissions made by the plaintiffs, non-sworn letters submitted to the court, or other summary judgment type evidence that may reveal that the amount in controversy requirement is satisfied." *Cate v.*

---

[2] These cases are *Staples, et al. v. Harbin Clinic, LLC, et al.*, Case No. 4:25-cv-00130-WMR (N.D. Ga., May 23, 2025) and *Nash, et al. v. Harbin Clinic, LLC, et al.*, Case No. 4:25-cv-00137-WMR (N.D. Ga., May 30, 2025).

*Serv. Corp. Int'l*, 833 F. Supp. 2d 1324, 1327 (M.D. Ala. 2011) (quoting *Pretka v. Kolter City Plaza II, Inc.*, 608 F.3d 744, 754 (11th Cir. 2010)).

8. Plaintiff's Complaint asserts claims based in negligence, negligence *per se*, breach of implied contract, and unjust enrichment. Ex. A ¶¶ 130-176. Plaintiff does not specify a dollar amount for any category of damages sought.

9. However, in the two similar lawsuits currently pending before this Court based on the same underlying facts, those plaintiffs assert that their damages exceed $5 million, exclusive of interests and costs. *See* Ex. D ¶ 5; Ex. E ¶ 4. Thus, although Harbin Clinic denies that Plaintiff or any members of the putative class are entitled to recover any amount and denies that Plaintiff or members of the putative class are entitled to any of the relief sought, the alleged amount in controversy exceeds $5 million. *See* Ex. D ¶ 5; Ex. E ¶ 4.

10. Third, the citizenship of members of the proposed class meets the diversity requirements of CAFA, namely, that at least one member of the putative class is a citizen of a different state than any defendant. 28 U.S.C. § 1332(d)(2)(A). As noted above, Plaintiff brings this action on behalf of a class of individuals throughout the United States. Ex. A ¶¶ 119, 120. For purposes of CAFA, Harbin Clinic, a limited liability company organized under the laws of Georgia with its principal place of business in Georgia, is a

citizen of Georgia. *See* 28 U.S.C. § 1332(d)(10).  Nationwide Recovery Service, Inc., a Tennessee corporation with its principal place of business in Tennessee, is a citizen of Tennessee.  *See* Ex. C ¶ 2; Ex. D ¶ 4; Ex. E ¶ 3.

11. Accordingly, this Court has original jurisdiction over this action under 28 U.S.C. §§ 1332(d)(2), (5), & (6) because (i) there are over 100 members in the putative class, (ii) the amount in controversy exceeds $5,000,000 in the aggregate exclusive of interest and costs, and (iii) diversity of citizenship necessary under CAFA exists.

12. Because this action is pending in the Superior Court of Floyd County, Georgia, venue is proper in the United States District Court for the Northern District of Georgia, Rome Division pursuant to 28 U.S.C. § 1441(a).

13. Harbin Clinic's counsel will give Plaintiff written notice of the removal of this action and will file a copy of the Notice attached as **Exhibit F** with the Superior Court of Floyd County, Georgia, as required by 28 U.S.C. § 1446(d).

14. By filing this Notice, Harbin Clinic does not waive any defense that may be available to it.

This the 26th day of June, 2025.

        **ROBINSON, BRADSHAW & HINSON, P.A.**

        /s/ Patrick H. Hill
        Patrick Hill (GA Bar No. 153000)
        Jonathan C. Krisko (*pro hac vice forthcoming*)
        600 South Tryon Street, Suite 2300
        Charlotte, North Carolina 28202
        Telephone: (704) 377-2536
        phill@rbh.com
        jkrisko@rbh.com

        Preetha Suresh Rini (*pro hac vice forthcoming*)
        434 Fayetteville Street, Suite 1600
        Raleigh, North Carolina 27601
        Telephone: (919) 239-2600
        prini@rbh.com

        *Attorneys for Defendant Harbin Clinic, LLC*

## **CERTIFICATE OF SERVICE**

I hereby certify that on this day the foregoing was electronically filed using the Court's electronic filing system, and I served the following counsel via electronic mail as follows:

Casondra Turner
MILBERG COLEMAN BRYSON
PHILLIPS GROSSMAN PLLC
800 S. Gay Street, Suite 1100
Knoxville, TN 37929
cturner@milberg.com

Jeff Ostrow
KOPELOWITZ OSTROW P.A.
One West Las Olas Blvd., Suite 500
Fort Lauderdale, Florida 33301
ostrow@kolawyers.com

Leanna A. Loginov
Andrew J. Shamis
SHAMIS & GENTILE, P.A.
14 NE First Avenue, Suite 705
Miami, Florida 33132
ashamis@shamisgentile.com
lloginov@shamisgentle.com

*Attorneys for Plaintiff*

Matthew G. White
Madison McMahan
BAKER DONELSON
First Horizon Building
165 Madison Avenue, Suite 2000
Memphis, TN 38103
mwhite@bakerdonelson.com
mmcmahan@bakerdonelson.com

David J. Oberly
BAKER DONELSON
901 K Street, N.W., Suite 900
Washington, D.C. 20001
doberly@bakerdonelson.com

*Attorneys for Third-Party Defendant Nationwide Recovery Service, Inc.*

This the 26th day of June, 2025.

/s/ Patrick H. Hill
Patrick H. Hill
GA Bar No. 153000